UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 04-30124-MAP

ALEX DELGADO, Petitioner,

vs.

KATHLEEN M. DENNEHEY, Respondent.



PETITIONER'S STATUS REPORT

In keeping with the Court's May 2, 2006 Order, Petitioner Alex Delgado submits his status report. The order directed the parties, jointly or individually, to describe the present status of the case and what remains to be done to resolve it.

I. Procedural Background.

Petitioner filed his petition for a writ of habeas corpus on June 30, 2004. Docket:1. Respondent filed her answer and supplemental answer on September 16, 2004. Docket:7,8. On April 6, 2005 Petitioner filed an ex parte motion pursuant to 18 U.S.C. §3006A which was allowed May 26, 2005. Docket:14, 15. Respondent filed a motion for reconsideration on June 3, 2005 which Petitioner opposed and which was denied June 23, 2005. Docket:16, 17. On August 2, 2005 the Court granted Petitioner's motion.

II. Pleadings

Petitioner stated four grounds for relief in his petition:

[1] That his right to an impartial jury representing a fair cross section of the community form which his jury was selected was violated in the course of his state court

trial;

[2] That his right to equal protection of the laws, due process of law and meaningful access to the courts was violated because state officials failed to collect the information needed to determine whether the jury composition and selection system through which his jury was selected actually provided a fair cross section in the source bodies; because the courts denied him the information and financial assistance he needed to independently obtain, analyze and present the information relevant to his fair cross-section claim, despite the fact that he was indigent; and refused to accept his preliminary data as reliable for the limited purpose of determining whether he was entitled to the informational and financial assistance he needed. As a consequence, Petitioner was completely foreclosed from presenting any evidence regarding the representation of African Americans in the source bodies and from presenting sufficient evidence regarding the representation of Hispanics in those source bodies.

[3] Three jury instructions, considered either individually or cumulatively, diluted the prosecution's burden of proof, invaded the jury's fact finding discretion and presented an unconstitutionally vague definition of extreme atrocity or cruelty, an element of first degree murder, to the effect that the jury was enabled to convict Petitioner without proving all elements of the crime of first degree murder.

[4] The prosecution withheld the actual terms and conditions of Maria Mercado's cooperation agreement from the defense and made a false and materially misleading presentation of that agreement to the jury, depriving Petitioner of his rights to due process of law, to confront and cross examine Mercado and to present evidence of her lack of credibility and bias which was exculpatory and favorable to his defense.

**Action Called For:** Respondent's answer generally denies the factual allegations of the petition and asserts four defenses in general terms: [1] The state court adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; [2] The petition contains issues of state law not cognizable on federal habeas review; [3] The petitioner has procedurally defaulted one or more of his claims and the decision of the Supreme Judicial Court rests on an adequate and independent state law ground; and [4] The petition fails to state a claim on which habeas corpus relief can be granted. Defenses 2 and 3 are in the nature of affirmative defenses but are pleaded without identifying which grounds for relief either is directed to. For that reason, Petitioner suggests that the issues raised by these defenses are best resolved following a process in which Respondent files an appropriate motion and memorandum identifying each ground against which each defense is asserted. Petitioner can then respond to these specified defenses and any grounds for relief which suffer from the defect alleged can be eliminated from further litigation.

**Action Called For:** Respondent's supplemental answer does not include the trial transcripts, which are ordinarily her responsibility to furnish. Review of Petitioner's jury instructions claims may require review of the record evidence to determine whether error, if established, was prejudicial. Petitioner suggests that, once Respondent's defenses are adjudicated, the question of what parts of the trial transcripts should be filed can be resolved.

### III. Discovery And Evidentiary Hearing

Petitioner's ground four states a claim based on facts which were not fully

3

developed in the state courts, despite his requests for discovery and an evidentiary hearing.

**Action Called For:** At an appropriate time after Respondent's defenses have been adjudicated, Petitioner should file his motions for discovery and an evidentiary hearing; Respondent can respond and the Court can determine whether the requested factual development is called for to facilitate its decision on the merits of this claim. Petitioner expects to seek depositions of Maria Mercado, her attorney and the prosecutor, and document discovery from each of these individuals regarding the cooperation agreement between Ms. Mercado and the prosecution team.

Petitioner's claims one and two depend upon factual development as to which he expects to file a sealed status report no later than June 9, 2006. Petitioner suggests that this ground for relief will be ready for adjudication with the other grounds which survive Respondent's defenses 2 and 3.

## CONCLUSION

Petitioner requests that the Court enter a scheduling order directing Respondent to file her motion to dismiss as to the second and third defenses she has pleaded within a specified time and permitting Petitioner to file an opposition or other response, also within a specified time, so that the Court can determine which grounds for relief will be addressed on the merits. At that point, Petitioner should be given a date for filing his requests for discovery. Upon completion of discovery, if any, Petitioner should be given a date for filing his request for an evidentiary hearing. Upon consideration of the fully developed facts, this Court can adjudicate the merits of Petitioner's claims.

Respectfully submitted,
ALEX DELGADO, PETITIONER

By /s/ John M. Thompson
John M. Thompson
Federal Bar No. 22530
Thompson & Thompson, P.C.
1331 Main Street, Suite 320
Springfield, MA 01103
[413] 739-2100
[413] 739-2300 facsimile

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper will copies will be sent to those indicated as non registered participants on June 2, 2006.

/s/ John M. Thompson

5