```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

ALEX DELGADO,                )
 Petitioner                  )
                             )
     v.                      )  Civil Action No. 04-30124-MAP
                             )
KATHLEEN M. DENNEHY,         )
Commissioner of Corrections,)
 Respondent                  )


MEMORANDUM AND ORDER REGARDING
RESPONDENT'S MOTION TO DISMISS
(Dkt. No. 25)

March 19, 2007

PONSOR, D.J.

This is a petition pursuant to 28 U.S.C. § 2254, seeking habeas relief on four grounds. Respondent has moved to dismiss, arguing that none of the arguments offered by Petitioner has merit.

The purpose of this memorandum is to give the parties the court's ruling on the motion, along with a summary of its reasoning. A lengthier, more detailed memorandum will follow shortly.

The bases for Petitioner's claims for relief are as follows.

First, Petitioner contends that his right to an impartial jury representing a fair cross-section of the community was denied, in violation of the Sixth Amendment. At argument, Petitioner's counsel noted that support for this claim was

still "in limbo," because illness on the part of Petitioner's expert had prevented him from completing the analytical work. In the four months since oral argument, no additional submissions have been made on this point.

The issue is now ripe for decision, even assuming that Petitioner's expert might at some point submit a more detailed analysis. The undisputed fact is that the trial judge heard the motion of Petitioner's counsel raising the Sixth Amendment issue at the time of trial and denied the motion. The Commonwealth's Supreme Judicial Court thereafter reviewed the evidence tending to show a failure to include adequate numbers of minorities and concluded that the evidence was both defective and unpersuasive. The decision of the Supreme Judicial Court was well supported based on the evidence available at the time. Consideration of new data unavailable to the SJC and trial judge would probably be improper, and would not, in any event, affect the court's decision.

Second, Petitioner argues that the Commonwealth violated Petitioner's rights at the time of his trial by failing to collect data on the race and ethnicity of jurors, failing to provide funds to allow Petitioner to collect this data, and failing to accept the preliminary data offered by Petitioner at the time of his trial as persuasive. No authority has been offered, and the court has been unable to locate any,

supporting the claimed Constitutional right here. The Commonwealth bears no Constitutional obligation to gather data on the race and ethnicity of jurors, no obligation to provide funds for the collection of this data by a criminal defendant, and no obligation to accept insufficient data in support of the Sixth Amendment claim. In the absence of any possible Constitutional violation, there is no ground for relief under § 2254.

With regard to the third claim for relief, related to the Commonwealth witness Mercado, the evidence is undisputed that at the time she provided inculpatory testimony regarding Petitioner, she also admitted that she expected some consideration for her testimony. The fact that Mercado may have testified inaccurately at a later trial and still received a lenient sentence does not establish, as Petitioner argues, that the Commonwealth misrepresented the nature of its agreement with Mercado during Petitioner's trial by eliciting testimony from her that any consideration she might receive depended upon her testifying truthfully.

Fourth, Petitioner claims that his trial counsel provided ineffective assistance in (a) failing to fully document the fair cross-section claim he asserted before trial, and (b) in failing to object to a jury instruction regarding the definition of malice. Petitioner has withdrawn any claim for

relief regarding the definition of malice, and the SJC's adjudication of Petitioner's ineffective assistance of counsel claim was not contrary to <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

As noted, a more detailed memorandum setting forth the court's reasoning will issue shortly.  For now, Respondent's Motion to Dismiss (Dkt. No. 25) is ALLOWED.  The court will wait to enter judgment, and trigger any deadline for filing an appeal, until the more detailed memorandum issues.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge